CITY OF FERGUS FALLS v. HALDOR E. BOEN.

November 29, 1899.

Nos. 11,448—(3).

**Municipal Corporation—Property in Sewers.**
Sewers are the property of the city in which they are built, and may be protected and controlled as any other property of the municipality. No private person has the power to interfere with them.

**Construction of Sewer Without Local Assessment—Cost of Connection.**
The city of Fergus Falls constructed a sewer in one of its streets, which sewer connected with the state hospital for the insane. The state paid one half the cost, and the city paid the other half out of what is known as a "permanent improvement fund," accumulated by taxation, that such improvements might be paid for without waiting for the collection of assessments. The charter provided for an assessment upon abutting property to pay the cost of constructing sewers, but no assessment was made in this instance. The city council then adopted a resolution, in which it was provided that connection might be made with the sewer by the payment of $33 for each house. The defendant indirectly connected with the sewer, but refused to pay. He made no effort to compel the council to assess for the cost of construction as provided for in the charter. *Held*, that when he connected his house with the sewer he waived the irregular action of the council, accepted the terms and conditions im-

posed by the resolution, and by implication promised to pay the amount fixed therein.

Action in the district court for Otter Tail county to recover $33 alleged to be due by reason of defendant having connected his premises with plaintiff's sewer. The case was tried before Baxter, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Chauncey L. Baxter* and *C. L. Hilton*, for appellant.

The power of a city to construct sewers is a specific grant for private purposes. The sewers are the private property of the city. City v. Corey, 9 Mich. 164; Child v. City, 86 Mass. 41; Munger v. City of St. Paul, 57 Minn. 9. The city has a right to fix a reasonable charge. Borough v. Young, 53 Pa. St. 280; Hermann v. State, 54 Oh. St. 506.

*Parsons & Brown*, for respondent.

The charter remedy is exclusive. 2 Dillon, Mun. Corp. §§ 815–817; City of Faribault v. Misener, 20 Minn. 347, 354 (396); Allen v. Walsh, 25 Minn. 543. The resolution was without legislative authority. It was in contravention of Const. art. 9, § 1. The method prescribed by the constitution for collection of the cost of local improvements must be strictly followed, and the provisions of the charter based thereon are mandatory. 1 Dillon, Mun. Corp. § 98. The resolution provided for unequal taxation. 2 Dillon, Mun. Corp. § 752; City v. Shaw, 1 Metc. (Mass.) 130.

COLLINS, J.

Upon findings of fact the court below ordered judgment in favor of defendant, and the appeal is from an order denying a new trial, the claim being that, on the facts as found, judgment should have been for plaintiff.

These facts are not at all complicated. The defendant city constructed a sewer in one of its streets, which sewer connected with the state hospital for the insane. One half the cost was paid by the state, and the other half by the city, out of what is known as the "permanent improvement fund." The city charter provided for an assessment of the cost of sewer construction in the city upon or

against abutting property, but in this instance no assessment was ever attempted or made. The city council then adopted and passed a resolution in which it was provided that premises adjoining or on the line of the sewer might be connected therewith by payment into the city treasury of the sum of $33 for each house connection. The defendant owned a lot on the line of the sewer, with a frontage of 50 feet, and the court found that the sum of $33 was a reasonable charge against defendant for the privilege of connecting his premises with the sewer. Through an arrangement with an accommodating neighbor, who had made the connection, defendant indirectly connected his own premises with the sewer, and this action was brought to recover the amount fixed in the resolution.

It is true that under the charter the cost of constructing the sewer should have been collected by an equal assessment of an equal sum per front foot on or against the property fronting on the street, including defendant's lot. The cost was advanced out of the permanent improvement fund, as authorized by the charter, and no steps have been taken to restore the amount taken from this fund, as might have been done, by frontage assessment. But it does not follow that defendant may, for this reason, disregard the resolution, and arbitrarily connect his premises with the sewer, built by the city out of moneys previously collected, and set apart as a fund out of which to pay for permanent improvements, without waiting for the collection of assessments upon benefited property. The power of a city to construct sewers is not given for governmental purposes, but is a specific grant, to be exercised for the general welfare of the municipality. Sewers are the property of the city in which they are built, and may be protected and controlled as any other property of the municipality. No private person has the power to interfere with them, for, if such person is unjustly and unreasonably deprived of privileges in connection with the use of such property which are granted to others, or which are his of right, he can speedily obtain redress in the proper tribunals. But he cannot be allowed to take the matter in his own hands, and to disregard rules and regulations concerning such property which have been established and promulgated by authorities, although they may be unauthorized, and not exactly in accordance with the charter provisions.

If it was the duty of the council of the city in question to proceed to collect the cost of construction by an assessment upon abutting property, and if there was a neglect of duty in this respect, the defendant, as a taxpayer, or as a frontage property owner, could have compelled the performance of the duty.    He could have easily obtained an assessment to cover the cost and to reimburse the city, —exactly what he now insists is the only manner in which the cost can be collected.    But this he has not done.    Proceeding in his own way, and in defiance of the resolution, he has connected his premises with the sewer, and now refuses to pay the sum fixed as a condition for making this connection.    His position is that, because the council proceeded improperly and irregularly by prescribing terms upon which the sewer could be used by the abutting property owners, instead of making an assessment under the charter, he may also proceed improperly and irregularly to connect his premises with it. He had no more right to do this than he would have had to tap a water main or to connect with an electric light plant belonging to the city, simply because the authorities had proceeded in an improper manner when prescribing terms and conditions for using water from the main or current from the electric plant.    And when the defendant proceeded to make the connection in question, and to avail himself of the sewer privileges, he waived the irregularity of the action of the council, accepted the terms and conditions imposed by the resolution, and by implication promised to pay the amount fixed therein.    This sum the city can recover in a civil action.

The conclusions of law of the court below are vacated and set aside, and on the facts as found judgment will be entered against defendant as demanded in the complaint.