## CITY OF FERGUS FALLS v. L. C. EDISON.[1]

### January 20, 1905.

### Nos. 14,146—(169).

**Use of City Sewer.**

City of Fergus Falls v. Boen, 78 Minn. 186, followed, and the liability there sustained against a person making use of a sewer constructed by the city *held* to apply not only to persons owning property abutting on the street on which the sewer was laid, but to all owners of property in the vicinity who connect their residences with, and make use of, the sewer.

Action in the district court for Otter Tail county to recover $33 alleged to be due by reason of defendant having connected his premises with plaintiff's sewer. The case was tried before Baxter, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*N. F. Field,* City Attorney, for appellant.

*Chas. C. Houpt,* for respondent.

BROWN, J.

In 1887 the city of Fergus Falls constructed a sewer along Union avenue to the grounds of the Insane Hospital, located on the outskirts of

---

[2] For opinion on reargument, see infra, page ——.

[1] Reported in 102 N. W. 218.

the city, one half the expense of which was paid out of the permanent improvement fund of the city, and the other half by the state of Minnesota. The expense incurred by the city in the construction of the sewer was not defrayed by an assessment against the abutting property, but, for the purpose of reimbursing itself, the city council duly passed a resolution reciting the construction of the sewer, its location, and other details, and that

> Any person or persons may connect their premises adjoining said sewer or on a line with said sewer, by paying into the city treasury of said city the sum of thirty-three dollars for each house service, said connection or connections to be made under the direction and supervision of the city engineer, and in accordance with the ordinances of said city.

Defendant and one Frey, at their own cost and expense, with the consent of the city, constructed a sewer for a short distance along Hazel street—a street intersecting with Union avenue, on which the city sewer was laid—connecting the same with the city sewer on the latter avenue. In the summer of 1899, the defendant, who owns premises fronting on Lakeside Drive, about a block distant from Union avenue, connected his residence with said sewer so constructed on Hazel street; thus making complete connection between his residence and the city sewer on Union avenue. The city demanded of him payment of the amount fixed by the resolution above quoted. He declined to pay, and this action followed. Upon the facts stated, which were agreed to, the trial court ordered judgment for defendant, and plaintiff appealed from an order denying its motion for a new trial.

The only question presented for consideration is the construction of the resolution, and whether defendant comes within its scope. The validity of the action of the city in adopting this method of reimbursing itself for the expense of the sewer was sustained in the case of City of Fergus Falls v. Boen, 78 Minn. 186, 80 N. W. 961—a case involving the action of the city in this particular matter. The resolution provides that any person may connect his premises adjoining said sewer, or on a line with it, by paying the amount specified therein. Defendant's premises did not abut upon Union avenue, nor adjoin that avenue, and for this reason he insists that he does not come within the scope of the resolu-

tion. The resolution is entitled to a reasonable construction. The purpose of it was to provide means to reimburse the city for the expense incurred in laying the sewer, and it should be so construed as to authorize the city to demand of all persons in the vicinity of the sewer, who connect with and make use of the same, payment of the amount fixed for such connection. So construing it, defendant comes within its scope and purpose, and is liable, under the decision in the Boen case, for the amount claimed by plaintiff.

As already suggested, the purpose of the resolution was to reimburse the city for the cost of the sewer. Whether, after it has been fully reimbursed, it may still require property owners making use of it to pay the amount fixed by the resolution, we need not determine. For aught that appears from the record in the case now before us, the city has not yet been fully reimbursed; and clearly, until then, it may require property owners in the vicinity of the sewer, making use thereof, to pay therefor.

Order reversed and new trial granted.