[L. A. No. 2495. Department Two.—December 12, 1910.]

## A. M. HARTER, Appellant, v. S. D. BARKLEY et al., Respondents.

MUNICIPAL CORPORATIONS—REGULATION OF LAYING SEWERS IN STREETS. —Under section 11 of article XI of the state constitution, a municipality has the power to regulate the right of laying sewers in the public streets.

ID.—POLICE POWER—CONSTRUCTION OF STREETS.—Ordinances of a municipal corporation providing for the construction, maintenance, and repairs of sewers and drains are sustainable as a valid exercise of the police power, and the power to construct them is also incident to the power to construct and maintain streets.

ID.—CITY OF SIXTH CLASS—CONNECTING WITH PUBLIC SEWER.—Under paragraph 862 of the Municipal Corporation Act, a city of the sixth class has power to "construct, establish and maintain drains and sewers." Such power includes the power to provide reasonable regulations for the tapping and connection with the sewers.

ID.—FEE FOR MAKING CONNECTION—FIVE DOLLARS' CHARGE IS REASON-
ABLE.—Such municipality may exact as a condition to connecting
his property with the public sewer the payment by the owner of a
reasonable charge into the sewer fund. A charge of five dollars is
not unreasonable.

ID.—PRESUMPTION THAT SEWER FUND IS PROPERLY EXPENDED.—In the
absence of a showing as to the use to which the fee is made appli-
cable, it will be presumed that the sewer fund is lawfully expended
for the benefit of such owner's property, as well as in the interest of
other realty owners within this city.

ID.—CITY MAY RESERVE RIGHT TO CONNECT WITH SEWERS—UNIFORM
CHARGE.—The municipality has the power, by ordinance, to reserve
to itself the exclusive privilege of building the lateral sewer from
the owner's property-line to the public sewer and to make a uniform
charge therefor. The fact that some lots are nearer to the sewer
than others, and that, therefore, the expense to the city is not the
same in every case, does not in itself make the ordinance so unrea-
sonable as to be void. A charge for doing such work of twenty
dollars is not unreasonable.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, and Minor Goodrich, for Appellant.

Frank L. Perry, and Williams, Goudge & Chandler, for
Respondents.

MELVIN, J.—Appeal from a judgment entered after a
demurrer to a petition for writ of mandate had been sustained
without leave to amend.

The matter involved is the validity or invalidity of a certain
ordinance of the city of Redondo Beach. The petitioner
alleged the existence of a public sewer in front of his prop-
erty in said city; and after reciting the pertinent provisions
of the ordinance above mentioned, averred that he applied
to the trustees of Redondo Beach and the plumbing inspector
of said city offered to make connections between his property
and said public sewer in a manner and with materials pre-
scribed by ordinances and regulations of the said city, agreed
to pay fifty cents for a permit to do the work, and promised
to do all things required by the said trustees except the pay-

ment of five dollars for the sewer fund and twenty dollars to the city or its agent for doing the work. He further recited in his petition the refusal of the trustees to comply with his request; stated that the charges for sewer fund and construction were unreasonable and without authority of law; and asked for a writ of mandate directing the issuance of the desired permit.

The ordinance which we are here considering, after providing that no connection shall be made with any public sewer of the city of Redondo Beach until a permit has been obtained from the plumbing inspector, and that all connections must be made pursuant to sections 15 and 16 thereof, declares that a fee of $5.50 shall be collected by the inspector for each permit for a sewer connection, of which fifty cents shall be a fee for the issuance of the said permit and five dollars shall be paid into the sewer fund of the city. It does not appear in the petition what use is made of the sewer fund. Sections 15 and 16 are as follows:—

"The city of Redondo Beach, its duly authorized agents, servants, or employees, shall have exclusive right to make connections with the public sewer of Redondo Beach, and for laying laterals therefrom through the streets and alleys of said city to the property line.

"Upon written request by the owner of any property who has first obtained a permit for a sewer connection, as hereinbefore provided, the city of Redondo Beach, its agents, servants or employees shall forthwith make a connection with said sewer at the nearest Y branch, and place a house connection sewer therefrom to the property line of said owner. For making the connection with said sewer and laying house connection sewer therefrom to the property line of said owner, the said owner of said property shall pay to the authorized agent or collector of the said city of Redondo Beach, the sum of $20. Such sum shall be payable as follows: One half (½) upon making application, and the balance ten (10) days after the completion of the said work."

The remaining sections declare it unlawful for any person to make any connection with a public sewer except as provided in the ordinance, and prescribe a penalty for a violation of any of the provisions of that by-law. The regulation of the right of laying sewers in public streets is unquestionably a

power conferred upon municipalities, partly by virtue of the provisions of section 11 of article XI of the constitution of California. The proper protection of the public health depends very largely upon the maintenance of a thorough and sanitary sewer system and the restoration of the streets after the laying of pipes is an important subject of police control. In many cities the carelessness of contractors, both in the work of connecting private residences with public sewers and in the filling of the trenches after the laying of the pipe, has become a matter of great scandal and has in some instances led to the adoption of very stringent rules for the regulation of sewer laying. It has been held, and we think very properly, that ordinances of a municipal corporation providing for the construction, maintenance, and repairs of sewers and drains are to be sustained as a valid exercise of police power. (*Taylor* v. *Crawford,* 72 Ohio St. 560, [74 N. E. 1065].)

The power of a city to construct sewers and drains is also incident to the power to construct and maintain streets. (*Kramer* v. *Los Angeles,* 147 Cal. 674, [82 Pac. 334].)

The city of Redondo Beach is one of the sixth class and as such has power "to construct, establish and maintain drains and sewers." (Municipal Corporation Act, par. 862, [Gen. Laws, 1910, p. 847].)

The power of maintenance of public sewers carries with it the power to provide reasonable regulations for the tapping and connection with such sewers. Upon this subject Judge Dillon in his work on Municipal Corporations (vol. 2, sec. 805) thus expresses the rule:

"Authority to a municipal corporation, by its charter, to repair and keep in order its streets, is sufficient, without special grant, to authorize it to *construct drains and sewers;* and, when constructed, the corporation will incidentally possess the power to pass ordinances regulating their use and the price at which private persons may tap them, and also to protect them against injury or invasion."

As we have before observed, the use to which the fee for connecting the sewer is applied cannot be learned from the pleadings. We must therefore conclude that the "sewer fund" mentioned in the ordinance is lawfully expended for the benefit of the defendant's property as well as in the interest of other owners of realty within the city. We know of no case

in which such a reasonable charge (and we cannot say that five dollars is an unreasonable imposition) has not been sustained. In many well-considered cases such power has been upheld. (*Van Wagoner* v. *Paterson,* 67 N. J. L. 455, [51 Atl. 922]; *Patton* v. *Springfield,* 99 Mass. 632; *Fergus Falls* v. *D. C. Edison,* 94 Minn. 121, [102 N. W. 218, 70 L. R. A. 238].)

We next come to the consideration of the right of the city to reserve to itself the exclusive privilege of building the lateral sewer from the property line to the public sewer and making a uniform charge therefor. The petition shows that some lots are nearer to the sewer than others and that, therefore, the expense to the city is not the same in every case. We cannot say that this fact alone makes the ordinance so unreasonable as to be void. (*Hellman* v. *Shoulters,* 114 Cal. 146, [44 Pac. 915, 45 Pac. 1057]; *In re Zhizhuzza,* 147 Cal. 334, [81 Pac. 955].)

It seems to us that the case last cited furnishes an excellent authority both for a uniform charge and for the reservation by the city to itself of the right of laying sewers in its streets from the property lines to the main public sewers. The ordinance considered in that case had reference to the disposal of garbage by the city's agents. Speaking of the alleged unfairness in the difference of rates charged owners of hotels and householders, this court said, as might well be said here: "A municipal ordinance must be very clearly obnoxious to such objection before it will be declared invalid. 'Every intendment is to be indulged in favor of its validity, and all doubts resolved in a way to uphold the lawmaking power; and a contrary conclusion will never be reached upon light consideration. It is the province and right of the municipality to regulate its local affairs—within the law, of course— and it is the duty of the courts to uphold such regulations, except it manifestly appear that the ordinance or by-law transcends the power of the municipality, and contravenes rights secured to the citizen by the constitution, or laws made in pursuance thereof.' (*Ex parte Haskell,* 112 Cal. 416, [44 Pac. 725]; *Ex parte McKenna,* 126 Cal. 432, [58 Pac. 916]; *Ex parte Lemon,* 143 Cal. 563, [77 Pac. 455].)" In the majority opinion in that case, signed by six of the justices, the following language is adopted with approval from the case

of *California Reduction Co.* v. *Sanitary Reduction Works,* 126 Fed. 29, [61 C. C. A. 91] : "Laws or ordinances enacted under the police power for the protection of the public health, reasonably adapted to that end, are not unconstitutional because they may incidentally operate to deprive individuals of their property or its use without compensation, or interfere with their personal liberty, nor because they may give one person a monopoly of a certain business or occupation, private rights being required to yield in such case to the public good." And in the concurring opinion Mr. Chief Justice Beatty says: "The only objection to the validity of the ordinance which the petitioner is in a position to urge relates to the power of the municipality to reserve to itself the exclusive right, through its own selected agents, to collect and remove those refuse matters which are, or by delay in removal may become a public nuisance. That the city has this right I think is clear, and so far as the ordinance secures it no doubt it is valid. The petitioner has therefore violated its valid provisions, and subjected himself to the penalty imposed."

By a parity of reasoning we may well say that in so important a measure for the protection of the public health as the laying of sewers in the public streets we must construe all ordinances relating to that subject with a view to giving them operation unless they are clearly obnoxious to reason and obviously violative of constitutional provisions or general laws; and that in such a matter, in which a city is given a wide discretionary power, the reservation to itself of the right to do the actual work of laying and connecting the lateral sewers is not only lawful but perhaps laudable. We cannot say that either the charge of five dollars for connecting with a public sewer or that of twenty dollars for construction is unreasonable.

It follows that the judgment should be affirmed and it is so ordered.

Henshaw, J., and Lorigan, J., concurred.