PEAY v. KINSWORTHY.

Opinion delivered December 18, 1916.

1. SEWERS—RIGHTS OF COMMISSIONERS OF DISTRICT BEFORE RELINQUISHING CONTROL—ATTEMPT OF THIRD PARTY TO CONNECT.—The commissioners of a sewer district may maintain an action to restrain a private individual from connecting a sewer system which he has constructed under the authority of the city council, with the system still under their control.

2. SEWERS—PRIVATE SYSTEM—CONNECTION WITH CITY SEWERS.—A system of sewers constructed by private enterprise, cannot connect with the sewer of a sewer improvement district, until the former has complied with the terms of Kirby's Digest § 5726.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau*, Chancellor; affirmed.

*Comer & Clayton*, for appellant.

1. The appellees are not authorized under the powers granted them to maintain this proceeding. 55 Ark. 148, Kirby's Digest, § 5726; 56 Ark. 205; 53 *Id*. 300; Kirby's Digest, § 5456; 97 Ark. 321; 119 *Id*. 166. The district has been completed and the commissioners have lost their control of the district. The city of Little Rock has succeeded to all their rights.

*Rose, Hemingway, Cantrell, Loughborough & Miles*, for appellee.

1. The commissioners have charge of the improvement until it is completed and accepted. 56 Ark. 205; 97 *Id*. 321. It was the duty of the commissioners to

permit Peay to connect upon making fair compensation. 95 Ark. 264; 56 Ark. 148.

SMITH, J. This suit was brought by appellees, as Commissioners of Sewer Improvement District No. 78 of the City of Little Rock, to enjoin appellant from making connection with the sewers of that District until he shall have made compensation for the value of that use. It was alleged in the complaint that appellant, as a private individual and for the purpose of profit, constructed a system of sewers in a territory adjacent to appellees' district, in consideration of the abutting property owners paying him certain sums of money as compensation for connecting with his sewer, and that appellant, without permission from appellees and without their knowledge, connected his sewer with appellees' sewer and proposed to use the same without compensation; that appellees' sewer has not been completed, accepted, or turned over to the city of Little Rock, and there was a prayer for an order restraining appellant from making this connection until after he had made reasonable compensation for the value of its use.

Appellant filed a general demurrer and an answer denying the allegations of the complaint, and alleging the facts to be that the City Council, by an ordinance, No. 2015, granted to him authority to construct a system of sewers at his own expense within a defined territory and, as compensation for said service and money so expended, the city was to permit him to recover $50.00 per lot for each lot connected with said sewer until such time as the amount collected should equal the investment, plus 10 per cent. interest thereon, at which time said sewer should become the property of and be thereafter controlled by the city. The validity of this contract is not questioned by appellees and we, therefore, express no opinion upon that question.

It was further alleged that appellees' sewer district was organized subsequent to the passage of said ordinance No. 2015 and embraced a portion of the territory described in said ordinance and that appellees' district

was completed and had thereafter become the property of the city and the commissioners were without authority over said sewer, and that appellant had connected his sewer with the city's sewer more than twelve inches from the termination or manhole of the appellees' sewer pipe.

Appellant's franchise required him to connect with the city sewer at Fourth and Byrd streets, and the proof shows that to have laid a pipe this distance would have involved a cost of over $1,300.00, but by making the connection here sought to be enjoined appellant secured an outlet without cost except that of making the connection.

The chancellor made no special finding of fact, but the testimony, while somewhat conflicting, warrants our finding that the commissioners had not made final settlement with the contractors and had not accepted the sewer from them, nor had they turned the sewer over to the city, but were still in charge of it, and that portions of the work remained to be done. Applications for sewerage connections had been made by the property owners in appellees' district, but the record does not show that such permission had been granted. The City Superintendent of Public Works had issued to appellant a permit to connect with Sewer District No. 78 and had designated the point of connection, but as stated this was done while the Commissioners were still in control. The commissioners insisted that appellant be required to pay the amount which the connections saved him; but the court found the value of this connection to be $400.00 and enjoined appellant from making or using the connection until this sum was paid, and this appeal is brought to reverse that decree.

Appellant says the only question in this case is whether or not appellees were authorized under the powers granted by the statute to maintain this proceeding, and as appellees join issue on this question, we shall consider that question only.

In the case of *Martin* v. *Hill*, 53 Ark. 300, the court held that the property owner, under the then existing

statute, had the right to connect with the sewer which had been turned over to the city without bearing any part of the burden of its construction; but the opinion called attention to the Act approved February 19, 1889, (Acts 1889, p. 17) which is now Section 5726 of Kirby's Digest, and which was evidently enacted subsequent to the time of the trial of that cause in the court below. This section is as follows:

"Sec. 5726. The city council shall regulate by ordinance the terms, time and manner, and the compensation which shall be paid by the private parties not building sewers under the orders of the board of health, upon compliance with which said parties may tap the sewers of said city; but no person shall be allowed to tap any such sewer without paying in proportion to the value of his property to be benefited thereby, as compared with the value of the property taxed in the district and the actual cost of said sewers."

It will be observed that this section deals only with sewers which have been turned over to the city; but it is contemplated that this sewer will be turned over to the city immediately upon its completion, and the Act manifests the legislative will that he shall bear proportionately the cost of the sewer who shares in its benefits; and we perceive no reason why this principle should not be applied to the facts of this case. Here a sewer system has been constructed for private profit by one who proposes to use as an outlet for his system the sewers of another district. It is not said that the amount charged for this connection is excessive; it is only insisted that the commissioners have no right to enforce the payment of any sum.

There appears to be no statute controlling the case of a connection with a sewer before it has been taken charge of by the city; but there is no reason why the commissioners of the sewer district should not, until that time, take the necessary action to protect the interests of their district. It is not contended that this connection will in any manner impair the utility and serviceability of District No. 78; nor is it contended

that appellant would not be entitled to make this connection after the district was turned over to the city. But he could do so then only upon complying with the conditions of the statute set out above. Here appellees did not sue to recover a money judgment, but to restrain appellant from connecting with their district, while it was still under their control, and the decree rendered is not primarily a money judgment. Appellees were not granted the relief they prayed but appellant cannot complain of that fact, even though this relief should have been granted.

The court below held that appellant should not make this connection without paying a sum which is apparently a very reasonable one, and we think the commissioners acted within the authority conferred upon them in the institution of this suit to protect the interests of their district. The decree of the court below is affirmed.