## W. P. LEE AND OTHERS v. ARTHUR T. SCRIVER.[1]

### June 6, 1919.

### No. 21,237.

**Municipal ordinance — sewer connection — action for contribution.**

Certain property owners in the city of Northfield constructed a sewer in the street in front of their property at their own expense under an ordinance which authorized them to do so, and which provided that any

[1]Reported in 172 N. W. 802.

person desiring to connect with the sewer should be permitted to make such connection on paying his proportionate part of the cost thereof. Defendant connected his property with an extension of the sewer constructed by other parties. The parties who had defrayed the expense of constructing the original sewer brought suit to collect from defendant his proportionate part of the cost thereof.

*Held*: That all the plaintiffs except two had legal capacity to sue; that these two could be stricken from the complaint or disregarded; that any defect of parties had been waived; that the ordinance is not void as delegating nondelegable powers to the grantees therein; that defendant is not absolved from the obligation to pay his proportionate part of the cost of the sewer by the fact that he connected with it through an extension constructed by other parties, and that defendant's claim that the amounts expended by plaintiffs have already been repaid to them is without support in the evidence.

Action in the district court for Rice county to recover $41.64 for failure to pay for sewer connection with defendant's lot. The answer alleged that the ordinance mentioned in the complaint and opinion was illegal, unconstitutional and void; that its provisions were beyond the powers of the common council of the city of Northfield, granted to it by the city charter; that it was contrary to the provisions of the Constitution of the state of Minnesota; that its provisions were an attempt to take private property without due process of law. The case was tried before Childress, J., who denied defendant's motion to dismiss on the ground that plaintiffs had no legal capacity to sue and on the further ground that the complaint did not state facts sufficient to constitute a cause of action, made findings and ordered judgment in favor of plaintiffs for $40.53. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William W. Pye* and *Raymond Ziesmer,* for appellant.

*C. P. Carpenter,* for respondents.

TAYLOR, C.

In 1895 the city of Northfield adopted an ordinance authorizing F. J. Wilcox and some 20 other persons named therein, their representatives or assigns, to construct and maintain a sewer along a designated portion of Second street in that city with a branch extending from Second street

to Fourth street, and providing that any person desiring to connect with such sewer should be permitted to do so on paying to said grantees his proportionate part of the cost thereof, with interest at the rate of 6 per cent from the time of the completion of the sewer to the time of so connecting therewith. The grantees were residents along the line of the proposed sewer. They formed an organization designated as "Second Street Sewer Association," elected officers consisting of a president, secretary and treasurer, and, although unincorporated, conducted their business in the manner of a corporation through these officers. They constructed the sewer in 1896 at a cost of $1,234.54 and connected their own dwellings with it. Thereafter, from time to time, others connected their dwellings with this sewer, and on making such connections each one paid his proportionate part of the cost and thenceforth was accepted and considered as a member of the association and as entitled to a pro rata share of subsequent payments. Certain property owners, at their own expense, constructed an extension to the sewer three blocks in length. Thereafter, and in 1816, defendant connected his house with this extension. He refused to pay for connecting with or using the original sewer and this suit followed. The court made findings of fact and conclusions of law and directed judgment against him for the sum of $40.53 with interest from the date he connected with the sewer. He appealed from an order denying a new trial.

Defendant states the questions presented as follows: "First: Assuming the validity of the ordinance, is defendant subject to its provisions? Second: Is the ordinance valid and constitutional? Third: Has plaintiff legal capacity to sue?

Defendant's contention that plaintiff has no legal capacity to sue is predicated on the erroneous assumption that the Second Street Sewer Association, an unincorporated body, is the plaintiff. Fifty-four persons, Carleton College, Estate of William Watson and Estate of Robert Watson, are named in the complaint as plaintiffs. The fifty-four individuals and Carleton College clearly had legal capacity to sue, Holden v. Great Western Elev. Co. 69 Minn. 527, 72 N. W. 805, 65 Am. St. 585, and can maintain the action even if it be conceded that the two estates are not legal entities and cannot be recognized as plaintiffs. The two estates may be stricken out or the words designating them be disregarded as

surplusage. If the decedents had an interest in the cause of action and their successors in interest have not been made parties, this at most would only amount to a defect of parties, and such defect has been waived by failing to point it out and designate the necessary parties who have been omitted. 2 Dunnell, Minn. Dig. § 7551.

In support of his claim that the ordinance is unconstitutional and void, defendant seems to contend that the city could not authorize property owners to construct a private sewer in the streets. It was not a private sewer except in a restricted sense, for the ordinance provides that when constructed any person who so desires shall be permitted to connect with it on paying his proportionate share of the cost. The city had control of the streets, and, while it could not divest itself of the power to exercise such control in the future, it could give private parties the privilege of furnishing a service necessary for the convenience and welfare of the citizens of that locality. Street-car lines, telephone lines, water mains and similar facilities, owned by private parties, are found in the streets of nearly all cities, and the power of the city to authorize the use of its streets for such purposes is too well settled to require the citation of authorities. Defendant further contends that the ordinance gives the grantees named therein the power to levy and collect assessments for the sewer, and is void for that reason. The ordinance does not purport to confer any such power. It merely provides that any person desiring to connect with the sewer may do so on paying his proportionate share of the cost. No one is under any obligation to pay, unless he uses the sewer and he may use it or not as he elects. Defendant's contention that no part of the cost of the sewer can be collected from him, because he did not connect with it directly, but with an extension of it constructed by other parties, is answered by the cases of City of Fergus Falls v. Boen, 78 Minn. 186, 80 N. W. 961; and City of Fergus Falls v. Edison, 94 Minn. 121, 102 N. W. 218, 70 L.R.A. 238.

Defendant's further contention that plaintiffs are not entitled to recover because they have already collected the full cost of the sewer from others who have connected with it since it was constructed, is not sustained by the facts. The amount which a property owner was required to pay for the privilege of connecting with the sewer seems to have been determined by dividing the cost of the sewer by the number of buildings

which would be served by it after such connection was made. These payments, over and above the amounts expended for repairs and improvements, were distributed pro rata among all who were then members of the association. While the aggregate amount of these payments exceeds the original cost of the sewer, the practical result of the manner in which they were applied is that the original cost has been distributed pro rata among about 60 members instead of being borne wholly by the original grantees named in the ordinance. The amount sought to be collected from defendant appears to be no greater than the share of the original expense still borne by all other members of the association. We are unable to sustain any of defendant's contentions and the order is affirmed.