**MULKEY et al. v. CITY OF KAUFMAN et al. (No. 9763.)** *

(Court of Civil Appeals of Texas. Dallas. May 29, 1926. Rehearing Denied July 3, 1926.)

1. Schools and school districts ⬅=101—City, independent school district, held authorized to levy city tax not exceeding $1.50 on $100 valuation, and, in addition, school tax at $.50 on $100 valuation (Const. art. 7, § 3, article 8, § 9, and article 11, §§ 4, 10; Rev. St. 1925, arts. 1026, 1027, 2771, 2798–2802).

City of less than 5,000 population, which was also independent school district, under Const. art. 11, § 10, and Rev. St. 1925, art. 2771, *held* authorized to levy taxes for general city purposes, including schoolhouse bonds and schoolhouse refunding bonds, in sum not exceeding $1.50 on the $100 valuation, and, in addition, $.50 on the $100 valuation for school purposes, duly voted by qualified electors, without violating Const. art. 11, § 4, since limitation

of Const. art. 8, § 9, and Rev. St. 1925, arts. 1026, 1027, is inapplicable, in view of Const. art. 7, § 3, Rev. St. 1925, arts. 2798–2802.

## 2. Municipal corporations ⬤⟶712.

Charge for use of sewer, collected through water and sewer department of city authorized to operate waterworks and sewer system, *held* not inherently tax and one which city had power to assess.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by J. F. Mulkey and others against the City of Kaufman and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Woods & Morrow, of Kaufman, for appellants.

Wynne & Wynne, of Kaufman, for appellees.

VAUGHAN, J. Appellants Nestor Morrow, C. P. Slaughter, W. S. Sudduth, F. C. Krauss, T. T. Long, E. F. Rand, J. F. Mulkey, J. M. Blakley, H. Goolsby, Joe Keith, Marion Fox, M. E. Mitchell, J. T. Knight, T. J. Broughton, Joe Sprinkle, W. N. Feagin, R. J. Stanfield, M. H. Foster, J. A. Carlisle, and J. A. Boggs, filed this suit September 4, 1925, in the court below against the appellee the city of Kaufman, a municipal corporation, and its officers John Hill, mayor, W. D. Davenport, Frank Ellis, E. E. Roberson, G. C. Smith, and Bowen Turney, its board of aldermen, and J. E. Carter, assessor and tax collector and secretary, alleging that the city was duly incorporated under the Revised Statutes of Texas and had been operating under its franchise as a city controlling 5,000 people or less, with full charge of its public schools, for the last 20 years, collecting through its duly and legally authorized collector $1.50 on each $100 worth of property, which is the full amount allowed by the Constitution of Texas. Appellants itemized the manner in which the tax was apportioned and then set out in full an ordinance levying 25 cents on the $100 for the purpose of constructing and the purchase of public buildings, waterworks, sewerage, and making public improvements. This ordinance appellants alleged to be void as levying a tax in excess of 1½ per cent. of the taxable property of said city, and that this tax was levied in direct violation of section 4, article 11, of the Constitution of Texas. Appellants then complained of a sewerage charge, which they allege is a tax, and that such tax is unreasonable, unjust, and inequitable, not uniform, but oppressive and amounting to double taxation, because some people have two bathtubs, two commodes, and two sinks, while others have only one, and that, the city owning and controlling its own waterworks and sewer system, and the inhabitants being re-quired to connect therewith, the sewerage connection charge amounted to a tax over and above the $1.50 which appellant claimed the city is limited to.

Appellants sought to enjoin the city of Kaufman and the city officials, declaring the ordinance levying the tax of 25 cents null and void, and, further, that the sewerage charge be declared null and void, and that the city be enjoined from collecting through its tax officer or collector either said tax of 25 cents or the sewerage charge.

Appellee city answered, admitting that the city of Kaufman was incorporated under the general laws; that it had a population of less than 5,000 inhabitants, but that, in addition to being a municipal corporation, it was an independent school district under section 10, art. 11, Constitution of Texas, and under article 2871, Revised Civil Statutes of Texas 1911 (now article 2771, R. C. S. 1925); that it was acting in a dual capacity. It admitted that the taxes as set out in appellant's petition were levied, part of which was levied as a town or city and part by a vote of the people of the independent school district for the maintenance of its public schools, but it denied that it had levied more than allowed under the Constitution, or that it had levied any tax in violation of section 4, art. 11, of the Constitution of Texas; that appellee had levied for general municipal purposes, 87.4 cents; that it levied for school maintenance, 50 cents; for schoolhouse refunding bonds, 3.5 cents; that it levied for schoolhouse building bonds 34.1 cents; that no other tax had been levied for any purpose; and that no illegal tax or assessment had been levied by said city.

It further denied that it had levied any other tax, but admitted that it had passed an ordinance to make a sewerage charge for the use of its sewer; that the sewer system was owned by appellee, and that same had been furnished free to all inhabitants desiring to make use thereof, but that, soon after the system had been constructed, the bond issue was found insufficient to complete the payment for the plant or make repairs thereon; that, after due deliberation and a judicial ascertainment, it was found that, in order to protect the city's property and comply with the regulations of the state health authorities, it was necessary for appellee city to make, and it did make, a charge for furnishing sewerage to those using it; that this was not a tax at all, but purely a charge for the use of city sewerage; that this charge was collected in like manner as water rents, and no person was required to pay for the sewerage, except those who used it; that the sewerage charge was as low as it possibly could be made in order to properly protect and care for the city's property; and that such charge was never a tax at all, and never intended as a tax, but was a reasonable sew-

erage charge for the benefit received by those who use the sewer.

To this answer appellants filed a supplemental petition, in which they denied that appellee city was an independent school district, but admitted that about the year 1887 appellee city assumed control of its public free schools, and pleaded that the city waterworks made enough money to take care of all sewerage expenses, and, further, that the taxes were levied to carry on the city's business, and that, as each of the appellants paid an ad valorem tax on their bathtubs, lavatories, etc., this additional sewerage charge was a tax and constituted a double taxation, as they were required to pay an ad valorem tax upon the property they owned and then pay for the use of same.

The trial court found the law and the facts were with appellee and entered judgment denying appellants the relief sought, from which judgment this appeal was duly prosecuted and is now before us for review.

[1] We find all the allegations contained in the answer of appellee city to have been duly established, and are therefore found as facts. Appellee city, having been duly chartered under the general laws of Texas, and having assumed control of its public schools under the law as same existed prior to the year 1905, and within the same boundaries operated as a city and as an independent school district, had the authority to levy taxes for general city purposes, including schoolhouse building bonds in the sum of $1.50, or 1½ per cent. on the $100 taxable value within such city, and, in addition thereto, such tax as was voted by the people residing within such independent school district for the maintenance and operation of its public free schools.

It cannot be questioned but that, under article 11, § 10, Constitution of Texas, empowering the Legislature to constitute any town or city an independent school district, and Revised Civil Statutes 1911, art. 2871, now article 2771, Revised Civil Statutes 1925, creating a city taking over its schools such a district, there was conferred on appellee city, having complied with the provisions of said article 2871 (now 2771), a dual character, and, with such character, a dual power (2) as strictly a municipality, and (b) as a duly constituted independent school district, with full power and authority to exercise all of the powers and authority under the law as a municipality and all of the powers and authority conferred by law upon an independent school district. The Constitution, article 7, § .3, exempts from limitation on account of school district taxes, incorporated cities or towns constituting an independent school district, and articles 2798–2802. Revised Civil Statutes 1925, formerly articles 2875, 2877–2881, Revised Civil Statutes 1911, authorize cities or town constituting an independent school district to levy such tax as their electors may determine; therefore appellee city, constituting an independent school district, had the right to levy a tax for the maintenance and operation of its public schools without the limitation of article 8, § 9, of the Constitution, as article 7, § 3, Id., controls with reference to the levy of taxes for the maintenance and operation of its public schools. Appellee was empowered by Revised Statutes 1911, arts. 2875–2881; now articles 2798–2802, Revised Civil Statutes 1925, on assuming control of its public free schools, to provide for the maintenance and operation of such schools, and, to that end, the power to provide by taxation for the support and maintenance thereof within the defined boundaries of its municipality without reference to the limitation upon its power to levy taxes as provided for in article 8, § 9, Constitution of Texas, and articles 1026 and 1027, Revised Civil Statutes 1925, except perhaps building sites and buildings for public free schools. However, as to this exception, same not being involved in this appeal, we refrain from making an affirmative holding.

We therefore hold that the city of Kaufman, constituting an independent school district, as well as a municipality, has the power to levy taxes not exceeding $1.50 on the $100 valuation for municipal purposes, and 50 cents on the $100 valuation for school purposes; the school tax having been duly voted by the qualified electors of such independent school district. An election was held on the 7th day of April, 1903, within and for said independent school district for the levy of one-half of one per cent. on the $100 valuation of property in said city of Kaufman for school purposes, which carried in favor of and resulted in the levy of said tax, and which levy has never been modified or changed by any subsequent election held for that purpose. An ordinance was duly adopted by the city of Kaufman levying the tax for 1925, to wit, 50 cents on the $100 valuation for the support and maintenance of the public schools of appellee city, an ad valorem tax of 25 cents for the support of its city government, 15 cents for sidewalks, bridges, etc., 2.5 cents for schoolhouse refunding bonds, 3.5 cents for waterworks bonds, 1.8 cents for supplemental waterworks bonds, and 2 cents for bonds issued for improvement of waterworks, 2.4 cents for supplemental improvements waterworks bonds, 2.5 cents for paving bonds, 6.5 cents for sewer bonds, 4.7 cents for funding warrants, 34.1 cents for schoolhouse building bonds, 5 cents for city hall warrants, 20 cents for public improvements. The total of the levy made for municipal purposes equals $1.25; the total for municipal and school purposes being $1.75.

Appellee acted within its dual rights in making the levy for municipal and school purposes for the year 1925, both as to the amount and the purpose for which the levy of taxes was made. City of Rockdale et al.

v. Cureton, Attorney General, 111 Tex. 136, 229 S. W. 852; Constitution of Texas, art. 7, § 3, and article 11, § 4; City of Athens v. Moody (Tex. Com. App.) 280 S. W. 514; City of Fort Worth v. Zane-Cetti (Tex. Com. App.) 278 S. W. 184; Simmons v. Lightfoot, 105 Tex. 212, 146 S. W. 872; Snyder et al. v. Baird Ind. School District, 102 Tex. 4, 111 S. W. 725, 113 S. W. 521; Moerschell v. City of Eagle Lake (Tex. Civ. App.) 236 S. W. 996; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 253.

Appellee city, by a vote of its electorate as a school district, levied for school maintenance a tax of 50 cents on the $100 valuation, and, in addition thereto, for school purposes, appellee city levied the following tax; 34.1 cents for schoolhouse bonds and 6¼ cents (since reduced to 3.5 cents because of the payment of bonds) for schoolhouse refunding bonds, aggregating 87.6 cents for school purposes; the total amount of taxes assessed being, for school purposes, 87.6 cents, for municipal purposes, 87.4 cents, a total of $1.75. Adding to the 87.4-cent assessment for municipal purposes the assessment of 34.1 cents for school house bonds, and the 3.5 cents for schoolhouse refunding bonds, as a part of the levy for municipal purposes, appellee, for that purpose, would have levied $1.25, which would leave appellee a margin of 25 cents to levy for municipal purposes and with a levy for school purposes of only 50 cents maintenance tax, levied by virtue of the result of the election held for that purpose on the 7th day of April, 1903.

[2] As to the contention that the sewerage charge that appellee city had fixed to be paid by its inhabitants for the use of its sewers should be annulled on the ground that same was unreasonable, unjust, and unequal, was not equal and uniform as to classes and persons affected thereby, it is sufficient to say that the proof wholly failed to sustain such contention on the part of appellants. The amount charged for the use of sewer is not inherently, in a legal sense, a tax, not even levied and collected as such, but a charge made without discrimination for a service rendered in value equal to the respective sums charged. Such charges are not collected by the tax collector or assessor, but collected through the water and sewer department, and the sum thus collected does not constitute any portion of the ad valorem tax levied and collected by appellee. Appellee city, existing under the general laws of Texas as a municipal corporation, is authorized to operate a waterworks and sewerage system, and, under authority conferred by law, has the power to assess such charges for its water and the use of its sewer system as within the judgment of its governing body should be necessary to support and maintain and properly care for the city's property and to make such extension thereof as in their best judgment should be necessary. All of this is for the sole purpose of furnishing the inhabitants of the city with an adequate and wholesome supply of water and a sanitary sewerage system so necessary for the preservation of health. Fergus Falls v. Boen, 78 Minn. 186, 80 N. W. 961; Hill v. City of St. Louis, 159 Mo. 159, 60 S. W. 116; Hermann v. State, 54 Ohio St. 506, 43 N. E. 990, 32 L. R. A. 734; Fisher v. Harrisburg, 2 Grant, Cas. (Pa.) 291.

We therefore hold that the disposition of the cause as made by the trial court is without error, and its judgment should be affirmed, and it is so ordered.

Affirmed.