## EXCHANGE NATIONAL CO. v. CITY OF GARBER.

No. 22615.   Sept. 25, 1934.

Chas. E. Bush and A. J. Kriete, for plaintiff in error.

V. L. Headrick, for defendant in error.

PER CURIAM. This is an action by the Exchange National Company, a corporation, against the city of Garber, Okla., for the sum of $214.80, with interest, arising out of the issuance by the city of Garber of special sewer tax warrants. The warrants were issued for the improvement, delivered to the contractor and by him sold to the plaintiff in error. After the completion of the improvement and the sale of the warrants, it developed that the property against which the assessment was made was located outside of the city of Garber. It being conceded that the city had no power to affix a lien for improvements outside its limits, a claim was filed against the city for the amount of the void warrants and interest, was duly rejected, and suit was filed in the proper form for the amount. Demurrer was filed to the amended petition, sustained, the plaintiff electing to stand on the demurrer, suit was dismissed, and appeal taken. Apparently, the liability of the city was based on the fact that the transcript of the proceedings, in connection with the issuance of the warrants, showed an ordinance of the city reciting the property against which the assessment was made to be within the city of Garber. In other words, the alleged liability of the city was predicated on the issuance of void warrants, supported by an ordinance making false recitals.

We know of no law, statutory or otherwise, rendering a city liable as such on such a theory. Section 4402, C. O. S. 1921, in force when the transactions in question occurred, specially provides that the city shall not incur liability because of the construction of sewers.

The case of City of Tulsa v. Bell, 137 Okla. 159, 278 P. 642, is certainly not an authority supporting plaintiff's construction. It is not in point. So far as inferences or deductions can be made therefrom, it is more against than in favor of plaintiff. The same is true of the other cases cited.

We are of the opinion that the action of the trial court in sustaining the demurrer and rendering judgment for the defendant should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Frank L. Warren, V. R. Biggers, and Cornelius Hardy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Warren and approved by Mr. Biggers and Mr. Hardy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.