Leon A. MAIN and Alice Barbara Main,
Plaintiffs in Error,

v.

H. M. STAHL, Defendant in Error.

No. 36521.

Supreme Court of Oklahoma.

Oct. 18, 1955.

Eldon J. Dick, Leslie Webb, Tulsa, for plaintiffs in error.

Elton B. Hunt, W. L. Eagleton and James R. Eagleton, Tulsa, for defendant in error.

JACKSON, Justice.

The undisputed facts in this case are as follows:

In 1947, the defendant in error, hereinafter designated plaintiff, together with a number of other owners of property adjacent to the City of Tulsa, Oklahoma, entered into a contract with said City of Tulsa, providing that said property owners, at their expense, would construct a sewer system to serve their respective properties and that said sewer system might be connected with the City's sewer system. It was further provided therein that at such time as the property which was served by such privately constructed sewer system was annexed to the City of Tulsa, that such sewer system would automatically become public sewers and the property of the City of Tulsa, and that the City would thereafter assume the further maintenance of the same.

At the time this contract was entered into the W. R. Johnston Company was the owner of a tract within the area to be served by the proposed sewer line which tract was described as the south half of Lot 1 in Block 3 of Friendly Homes Addition. This company refused to join with other property owners in the contract and refused to contribute a pro rata share of the expense of constructing the sewer line. There was apportioned to this lot as its

pro rata share of the construction expense the sum of $100 and this amount was advanced by the plaintiff in order that the construction might be completed and paid for.

Plaintiff called attention of the City officials to the fact that some of the property owners would not pay the pro rata share and he obtained a supplemental agreement in writing from the City in and by which the City agreed not to issue a permit to connect any of said lots with the sewer unless the owner of said lots shall have paid to H. M. Stahl (plaintiff herein) the proportionate cost of such sewer construction or $100 per lot. This agreement was duly recorded in the records of the County Clerk of Tulsa County.

The area served by the sewer line in question, including Friendly Homes Addition, was annexed to the City of Tulsa on or about the 3rd day of May, 1948, and subsequent to that date these defendants became the owners of the south half of Lot 1 in Block 3 therein. On the 20th day of February 1950, the defendants obtained a permit from the City to connect with the sewer line without paying or being required to pay the sum of $100 to the plaintiff, Mr. Stahl.

Defendants' refusal upon request by the plaintiff to pay him the sum of $100 resulted in the filing of this action to recover that sum and after trial to the court without a jury, judgment was rendered for the plaintiff for the amount sued for.

It is urged by defendants that the judgment is not supported by the facts and the law applicable thereto, and they cite the case of Hale v. Warren, 174 Okl. 404, 50 P.2d 631, in support of their contention. The facts in the case cited are, in all material respects, identical with the facts in the instant case. This court therein held that one who constructs an extension at his own expense to connect with and become a part of the City's public sewer system, is not, in the absence of an agreement, entitled to recover any portion of the expense from another who, with the consent of the City, connects with the extended line. However, in the case cited,

the City made no agreement with those who paid the cost of construction that the City would require that they be reimbursed for a proportionate share of the cost of construction before issuing a permit to any other property owner who desired later to connect with the sewer line. Plaintiff contends that difference in the facts distinguishes that case from the instant case.

But we believe that the agreement referred to is of no avail to the plaintiff. It was an agreement between him and the City of Tulsa only. The defendants were not parties to it and we cannot understand how it could possibly give rise to a contractual relationship between plaintiff and defendants, either express or implied.

Plaintiff directs our attention to two cases, one from the State of Arkansas, and one from the State of Minnesota.

The Arkansas case is that of Peay v. Kinsworthy and is reported in 126 Ark. 323, 190 S.W. 565. The decision in this case was based on an interpretation of a statute of the State and an ordinance of the City of Little Rock. The statute involved dealt with the subject of property owners being authorized by city ordinance to construct sewer lines at their expense and provided that no person should be allowed to tap any such sewer without paying in proportion to the value of his property. Plaintiff prayed for injunctive relief and under the State Statute, he was entitled to the relief prayed for.

The case from Minnesota is that of Lee v. Scriver, 143 Minn. 17, 172 N.W. 802. That case also involved the interpretation of a city ordinance and a question of its validity. The ordinance authorized designated property owners to construct a sewer line and provided that any person who desired to connect his property with the sewer should be permitted to do so on paying his proportionate part of the cost thereof. That court held that the ordinance was valid and that the defendant who had connected with the sewer line was subject to its provisions.

Plaintiff argues that the City of Tulsa accomplished the same object by contract that was obtained in the other jurisdictions

by ordinance. But such is not the case. The contract here under consideration provided that the City of Tulsa would not issue a permit to any person to connect with the sewer line until that person made payment to Mr. Stahl. But no legal obligation was thereby imposed upon such person to make such payment when the permit was issued without the payment having been made or required.

Judgment of the trial court is reversed and judgment entered for the defendants.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and BLACKBIRD, JJ., concur.