## Kilcullen, Appellant, *v.* Webster et al.

*Municipalities—Sewers—City of Philadelphia—Sewer charges— Power to collect.*

1. There is no doubt as to the power of a city to construct a sewer through a street not yet open to public use.

2. A city is under no obligation to abutting property owners to provide a sewer for the drainage of their properties, and consequently is under no obligation to permit them to use it for their purposes, except upon compliance by them with the reasonable conditions which the city sees fit to impose.

3. A municipal ordinance, providing that no permit shall be issued for the sewerage of properties on the line of sewers constructed thereunder until the regular frontage charges of $1.50 per foot have been paid, is reasonable and constitutional; it is not open to the objection that it invidiously discriminates against any-

one or that there is any improper classification, as all persons are treated alike.

4. Where a petition for mandamus alleged that the city had constructed a sewer through land in the bed of a street which had been placed upon the city plan but had never been opened to the public, but had refused to permit plaintiff to connect abutting houses with the sewer until the regular sewer frontage charges of $1.50 per foot should be paid, as required by a municipal ordinance, and prayed that its municipal officials be directed to issue a permit to make such connection, and the answer admitted the facts but denied petitioners right to relief, the court was not in error in refusing the petition.

Argued Jan. 9, 1918. Appeal, No. 332, Jan. T., 1916, by plaintiff, from order of Superior Court, Oct. T., 1915, No. 300, affirming order of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3338, in case of Patrick J. Kilcullen v. George S. Webster, Chief of the Bureau of Surveys of the City of Philadelphia, and Morris L. Cooke, Director of Public Works of said City. Before MESTREZAT, POT-TER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Appeal from Superior Court.

The facts appear in the following opinion of the Superior Court, filed per curiam, RICE, P. J.: (Kilcullen, Appellant, v. Webster, 63 Pa. Superior Ct. 309.)

The plaintiff's petition alleged his ownership of a described tract of land; the city's construction of a sewer through the land in the bed of a street which had been placed on the city plan, but not open to public use; payment of the cost of the sewer out of the general funds of the city, no special assessments against abutting properties having been made; a provision of the city ordinance of January 9, 1908, under which the sewer was constructed, that "no permit shall be issued for the sewerage of properties on the line of said sewers until the regular frontage charges shall have been paid"; refusal of the plaintiff's application for permits to connect two houses with the sewer, until the regular sewer frontage charge of $1.50 per foot should be paid; and the uncon-

stitutionality of the above quoted provision of the ordinance. The return to the alternative writ of mandamus which was issued on the petition admitted all the averments of fact, but denied the conclusions and inferences of law set forth in the petition, and averred that the provision of the ordinance requiring payment of the frontage charges before the issuance of permits for sewer connections is valid and constitutional. This appeal is from the court's order overruling the plaintiff's demurrer to the return.

The Act of 8th April, 1864, P. L. 324, empowered the City of Philadelphia to construct sewers in the streets of the city, and to charge therefor the sum of $.75 for each lineal foot, against each front, the same to be recovered as liens for the laying of water pipe were then recovered in the city, and with the same allowance for corner lots. The Act of March 30, 1866, P. L. 354, repealed the Act of 1864, so far as the limitation of the amount of the charge was concerned and provided that "Thereafter all the said charges and rates shall be fixed, from time to time, by ordinance of councils." By general ordinance of February 16, 1869, the charge was fixed at $1.50 per lineal foot. In view of the numerous decisions directly on the point, the validity of these acts and the general ordinance of 1869 is not an open question: City of Philadelphia v. Sellers, 6 Philadelphia 253; Stroud v. The City of Philadelphia, 61 Pa. 255; Lea v. Philadelphia, 80 Pa. 315; Philadelphia v. Jewell, 135 Pa. 329; Philadelphia v. Coates, 18 Pa. Superior Ct. 418; Philadelphia v. Townsend, 231 Pa. 191; the principle was thus stated by Justice MITCHELL in Philadelphia v. Jewell, 135 Pa. 329-340, "the city now collects from the property owners, not the value of the work, but its cost as fixed by ordinance; and this mode of ascertaining and fixing the cost is sustained on the ground of public necessity and convenience, inherent in all rational taxation; that there should be a settled, ascertained, uniform and practical method of computing the amount due by the taxpayer."

But the power conferred by the Act of 1864 to construct sewers and to charge the cost against the abutting property owners and enforce the charge by lien, by the terms of the act, extends only to "streets of the city," which words, upon the reasoning in Coxe v. Philadelphia, 47 Pa. 9, and Wistar v. Philadelphia, 71 Pa. 44, do not include the streets in question. "Though laid out it is not a street within the meaning of the acts authorizing the construction of sewers in the streets of the city at the expense of the owners of the property fronting thereon, until it has been opened by authority of law." WIL-LIAMS, J., in Wistar v. Philadelphia, supra. It does not necessarily follow from the nonapplicability of the Act of 1864 to streets laid out, but not opened, that the city was without power to construct this sewer.

A municipal corporation has power to make sewers, without any special authority given with that view: Fisher v. Harrisburg, 2 Grant 291; moreover it is not necessary to rest the decision of the present case in the inherent or implied power of the city to construct a sewer through private property when necessary. This power was expressly given by the Act of Feb. 18, 1769, 1 Sm. L. 284; was confirmed and continued by the subsequent Acts of March 11, 1789, 2 Sm. L. 462; April 2, 1790, 2 Sm. L. 526, and Feb. 2, 1854, P. L. 21 (Bromley v. Philadelphia, 8 Pa. Co. Ct. 600) ; and was not annulled by any later act. There can be no doubt as to the power of the city to construct the sewer, though the street had not been opened to public use, and no question is raised as to the regularity of its exercise. But the city was under no obligation to the abutting property owners to provide a sewer for the drainage of their properties, and consequently was under no obligation to permit them to use it for their purpose, except upon compliance by them with the reasonable conditions which the city councils, in the exercise of a sound discretion, saw fit to impose. The question was directly raised and fully argued in Fisher v. Harrisburg, supra, and was elaborately considered by

Judge PEARSON of the Common Pleas and by the Supreme Court on writ of error. In sustaining the ordinance Judge PEARSON said, p. 293: "Every by-law must be reasonable; or rather taken negatively, it must not be unreasonable. We can see nothing unreasonable in requiring those who use a drain to pay for its use." Later in his opinion he said: "We have no doubt of the power of the borough officers to fix, by law, the price which shall be paid for using this sewer, as well as for a stall in the market house; and neither is in the nature of a tax." On writ of error this just and equitable doctrine was fully affirmed by the Supreme Court in the following terms: "A municipal corporation has power to make sewers, without any special authority given with that view; and, having made them, it may, by general rules, independent of its general taxing power, regulate the use of them and the price at which any private person may tap them, and protect them by proper penalties, against invasion or injury." So here, while the condition imposed by the ordinance of January 9, 1908, is not supported by the city's power of taxation, it is supported by an equally well and established power. The reasonableness of the amount that the property owners must pay to obtain permission to use the sewer is not brought in question by the pleadings; but it is not out of place to remark that the condition that he shall pay the same amount per foot front as abutters on sewers laid in opened city streets are required to pay (which is what the provision of the ordinance amounts to) is not prima facie unreasonable.

In fact, a very plausible argument is made by the appellees' counsel that it is less onerous because the property owner is not compelled to pay until the occasion for his use of the sewer arises. Nor is it perceived that an invidious discrimination is made against anyone by the ordinance, or that there is any improper classification. All persons are treated alike; therefore the principle recognized and applied in Bowser v. Philadelphia, 41 Pa. Superior Ct. 515, does not control. It is to be observed

Opinion of Court below—Opinion of the Court. [260 Pa.

in conclusion, that the limitations of the powers conferred upon municipal corporations are that they must be exercised in a reasonable, lawful and constitutional manner. "If these limitations are not transgressed, courts cannot interfere with the ordinances of the municipality, for the mayor and council must be left to a reasonable discretion, and, for the proper and wholesome exercise thereof, they are accountable not to the courts, but to the people they represent." O'Maley v. Borough of Freeport, 96 Pa. 24; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355. "Where the municipal legislature has authority to act, it must be governed, not by our, but by its own discretion; and we shall not be hasty in convicting them of being unreasonable in the exercise of it." Fisher v. Harrisburg, 2 Grant 291, 296.

This appeal is from an interlocutory order, and should either be dismissed for that reason or treated as an invitation to enter such judgment, if possible, as will end the proceeding. As the case turns exclusively on a question of law arising on the facts alleged in the petition, and has been fully argued, and no right of the plaintiff can possibly be subserved by sending the case back for further proceedings, the latter course will be pursued.

The Superior Court affirmed the order of the Common Pleas Court and dismissed the petition. Plaintiff appealed.

*Error assigned* was the order of the Superior Court.

*William E. Caveny,* for appellant.

*John P. Connelly,* City Solicitor, with him *William F. Rorke,* Assistant City Solicitor, for appellees.

PER CURIAM, February 18, 1918:

This judgment is affirmed on the opinion of the learned Superior Court affirming the order of the Court of Common Pleas.