El Pueblo de Puerto Rico, a requerimiento de Bautista Rosario, demandante y apelante, v. Luis Ferrer, demandado y apelado.

No. 6176.—*Sometido:* Marzo 16, 1933. *Resuelto:* Abril 25, 1934.

*Luis F. Camacho,* abogado del apelante; *Tomás Bernardini de la Huerta,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se trata de un procedimiento de *quo warranto* instituído, como de costumbre, con el consentimiento del Fiscal General. El relator atacó la actuación de la Asamblea Municipal de Cidra al designar a Luis Ferrer como uno de los miembros de dicha asamblea. La Corte de Distrito de Guayama, presidida por Tomás Torres Pérez como juez interino, sostuvo la actuación de la asamblea municipal y anuló el auto de *quo warranto* previamente expedido.

■■■ La ley de Puerto Rico dispone que la asamblea municipal fijará los días en que celebrará sus sesiones ordinarias. Mediante una ordenanza la asamblea fijó sus sesiones ordinarias para los días 16 al 26 de enero.

Por razones que es innecesario exponer, la Asamblea Municipal de Cidra no se reunió durante ninguno de los días comprendidos entre el 16 y el 26 de enero. Los autos demuestran que el 5 de febrero cuatro de los miembros de la asamblea se reunieron, y por votación de tres designaron a Luis Ferrer como uno de los miembros de la misma.

No hay duda alguna de que cuando una asamblea municipal se reúne en sesión ordinaria, puede cubrir las vacantes, El relator, sin embargo, insiste en que la sesión celebrada el 5 de febrero no fué una sesión ordinaria, no fué debidamente convocada y no hubo razón alguna para su existencia. No hay duda de que en Puerto Rico la única forma en que una asamblea municipal puede celebrar una sesión ordinaria es reuniéndose en los días señalados por la asamblea misma. La ley provee que la asamblea fijará los días en que se cele-

brarán sus sesiones ordinarias, y la Asamblea Municipal de Cidra así lo hizo por ordenanza. El apelado no pone en tela de juicio que la sesión celebrada el 5 de febrero no fué una sesión extraordinaria de la asamblea. Los autos tienden a demostrar que no se hizo la debida convocatoria y que el objeto de la sesión nunca fué notificado a los miembros de la asamblea. Por tanto, convenimos con el relator en que la supuesta sesión de febrero 4 no fué una sesión ordinaria ni extraordinaria, no fué una sesión legal y que el nombramiento de Luis Ferrer era nulo.

Empero estamos de acuerdo con el apelado, aunque abrigando algunas dudas, en que si se convoca debidamente una sesión, los miembros de la asamblea presentes, si constituyen un *quorum,* pueden fijar otra fecha para la sesión ordinaria.

Igualmente estamos inclinados a convenir en que dado el estado de la ley en Puerto Rico, los cuatro miembros que se reunieron hubiesen constituído un *quorum,* aunque la asamblea se compusiera de nueve miembros, si la sesión fué debidamente convocada.

La Ley Municipal en vigor provee que los miembros de la asamblea municipal tomarán posesión de sus cargos el segundo lunes de enero siguiente a las elecciones de noviembre. Hubo elecciones en noviembre de 1932 y es de presumirse que los nuevos asambleístas ocuparon sus cargos el 11 de enero de 1933. Este caso no fué visto ante esta corte hasta después de dicha fecha. Por tanto, la cuestión suscitada es en realidad académica.

El juez que suscribe duda además seriamente que la apelación en este caso fuera debidamente interpuesta. El escrito de apelación dice así: "El relator, El Pueblo de Puerto Rico, a instancias de Bautista Rosario, por su abogado que suscribe, notifica . . ." y entonces Luis F. Camacho firma como abogado del relator. La ley de *quo warranto* provee que puede entablarse la apelación al igual que en otros casos. La única parte en el caso es El Pueblo de

Puerto Rico, que actúa a instancia de un relator. El relator, desde luego, no lo era El Pueblo de Puerto Rico, sino Bautista Rosario. Cuando El Pueblo de Puerto Rico apela, actúa por mediación del Fiscal General. La idea es que como el Fiscal General tiene derecho a instituir el procedimiento de *quo warranto*, él también debe tener derecho a decidir si debe o no apelar de la sentencia de la corte de distrito.

*Resolviendo, sin embargo, que la apelación es académica, la misma debe ser desestimada.*