RAMÓN CASTILLO, ET AL, Plaintiffs and Appellants, *v.* MUNICIPALITY OF CIALES, Defendant and Appellee.

No. 6700.  Argued March 19, 1936.—Decided July 16, 1936.

*Susoni & Defendini* for appellant.   *A. Reyes Delgado* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The plaintiffs, residents and property owners of Ciales, filed a petition for an injunction in the District Court of Arecibo to annul a certain ordinance of the municipality in which they reside.

A bond for $500 having been posted by the plaintiffs, the court issued a preliminary writ and ordered the defendant to appear and show cause why the injunction prayed for should not be issued.

The defendant municipality appeared and demurred to the complaint. The People of Puerto Rico through the district attorney asked for leave to intervene and its petition was granted. It demurred and answered the petition.

On October 13, 1933, a hearing was had and the parties were given time to file their briefs. On March 3, 1934, the court denied the petition, and the plaintiffs appealed from that order to this Court. The hearing on appeal was not held until March 19, 1936.

We have examined the petition and in our opinion it does not state facts sufficient to constitute a cause of action.

This case involves an ordinance by which it is provided that "the use which property owners and managers of houses make of the sewer system shall be paid for and collected by the municipality, monthly, at the rate of one dollar a month for each house served where the house has one story, and at the rate of two dollars a month where the house has two stories."

The petitioners contend that this ordinance is void and unconstitutional because it was approved by the vote of five members of the assembly and not by two-thirds of the whole number of members as required by law; for the reason that in establishing a fixed sum for all houses without regard to their size, value and use, it discriminates in favor of houses having a larger size, value and use and against those having a lesser size, value and use; for the reason that the municipality issued bonds for one hundred and thirty thousand dollars to carry out certain public works, including the sewer system, for the payment of which a special tax of forty one-hundredths of one per cent was imposed upon all real and personal property within the municipality, as a result of which the requirements of the ordinance constitute double taxation, and for the reason that in view of the precarious situation of the taxpayers, the charge sought to be collected for the use of the sewer system is unreasonable.

█ Let us see. whether or not there was a quorum for the approval of the ordinance here attacked. Section 26 of the Municipal Law, as amended by Act No. 38 of 1931, laws of 1931, pages 594, 602, insofar as material, provides:

"Section 26.—Among the duties of the municipal assembly shall be especially the following, subject to the other provisions of this Act:

"1.    .    .    .    .    .    .    .    .    .

"2.    .    .    .    .    .    .    .    .    .

"3.    .    .    .    .    .    .    .    .    .

"4. The levying of reasonable taxes and excises within the jurisdictional limits of the municipality; *Provided,* That ordinances levying such taxes and excises shall be adopted by the vote of two-thirds of the members composing the municipal assembly."

Section 27 of the same act, also amended by the same Act No. 98 of 1931, laws of 1931, pages 594 and 604, provides insofar as material that:

" . . . . provided that in all cases where two-thirds of the total number of a municipal assembly are mentioned in this Act, this two-

thirds shall be constituted by seven votes in municipalities of the first class, by five votes in municipalities of the second class, and by four votes in municipalities of the third class."

Since the Municipality of Ciales is a third-class municipality (Laws of 1931, page 598), it is clear that not five but four votes would have been sufficient.

See the case of *People ex rel. Rosario* v. *Ferrer* 46 P.R.R. 559, in which this court speaking through Mr. Justice Wolf, said:

"Likewise we are inclined to agree that, under the state of the law in Puerto Rico, the four members who gathered together would have constituted a quorum, although the assembly was composed of nine members, if the meeting was duly called."

██ Sewage disposal in cities is something which by its nature should be, and generally is, a function of the municipality, which is empowered to fix and collect fees for the use thereof. As to this there is no doubt whatsoever. The question is amply covered in volume 44 of Corpus Juris, pages 1083 to 1090, to which reference is made.

What may at any time be decided by the courts is the question of the reasonableness of the amount collected for its use.

In the case of the *City of Wichita Falls* v. *Landers,* in Texas, reported in 291 S. W. 696, it was decided that: "Court has jurisdiction to ascertain the reasonableness of city's charges for use of sewer system; at least to the extent of determining whether rates are confiscatory or deprive company of property without due process of law." It was further said that: "Where city's charges for use of sewer system were reasonable in amount, citizen cannot resist payment in part to extension of system without charter authority."

In the case of *Harter* v. *Barkley,* 158 Cal. 742, it was decided that a charge of five dollars required by the municipality for every connection with the sewer system was not un-

reasonable. In the case of *Kilcullen* v. *Webster, et al.,* 260 Pa. 263, 103 Atl. 592, it was decided that: "An ordinance of the city of Philadelphia providing that no permit should be issued for the sewerage of properties through sewers constructed by the city until the regular frontage charges of $1.50 per foot should have been paid is reasonable and constitutional, and not objectionable as being discriminatory or as being an improper classification."

The parties have not cited, nor have we found, a case analogous to the instant case. In general, the practice is to collect only once for the property served. Here a monthly sum is collected for the use. A dollar does not seem unreasonable where houses of ordinary value are concerned, but it might perhaps be so in connection with houses of a very low value, so many of which are found in the municipalities of the island. The petitioners do not allege in their petition that they fall under this classification.

The collection of one dollar for one story houses and of two dollars for two-story houses does not seem unreasonable since generally two-story houses in the municipalities of the island are practically the same as.two houses, although there are instances in which small two-story houses, constructed exclusively for the use of one family, are worth less than other one-story houses in the same municipality.

However, such differences will always arise to some extent under any rule that may be adopted, and the ordinance in this case does not in our opinion amount to a discrimination of such a nature as to require a conclusion that it is unconstitutional.

The fact that the sewer system was constructed as a result of a loan which all the property owners of the municipality are bound to pay is no obstacle to the requirement that a charge be paid for the use of the sewer in every case.

In the case of *Wichita Falls* v. *Landers,* 291 S. W. 696, 701, to which we have already referred, the court in the course of its opinion says:

"The charges assessed for the use of the sewer system cannot be construed as a general tax. They were reasonable charges for special benefits received by certain persons residing in the city but not enjoyed at all. To hold Ordinance No. 426 void would result in a discrimination in favor of appellee and others similarly situated, who would in that event be furnished sewer service free of charge, as against those citizens who are required by the ordinance to construct and maintain dry sanitary toilets, all at their own expense and without any use of the sewers."

Finally, the allegation as to the precarious situation of the property owners of the municipality is too general to serve as a basis for the declaration of unconstitutionality here prayed for.

In view of the foregoing, and although we have some doubts as to the wisdom of the method adopted and as to whether the amount required for the use of the sewer system might not be unreasonably high in some cases, we believe the judgment appealed from should be affirmed except as to the award of costs, which must be reversed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.