392

Ramón Castillo, Carmelo Díaz y Santiago Ruiz, demandantes y apelantes, v. Municipio de Ciales, demandado y apelado.

Núm. 6700.—*Sometido:* Marzo 19, 1936. *Resuelto:* Julio 16, 1936.

*Susoni & Defendini,* abogados de los apelantes; *A. Reyes Delgado,* abogado del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Los demandantes, vecinos y propietarios de Ciales, presentaron una solicitud de *injunction* en la Corte de Distrito de Arecibo sobre nulidad de cierta ordenanza del municipio de su vecindad.

La corte, previa prestación de una fianza de quinientos dólares por parte de los demandantes, puso al demandado en entredicho y le ordenó que compareciera a mostrar causa por virtud de la cual no debería expedirse el auto solicitado.

Excepcionó el municipio demandado la demanda. Pidió El Pueblo de Puerto Rico por medio del fiscal del distrito

que se le permitiera intervenir y se accedió a su petición. Formuló excepción previa y contestó la solicitud.

En octubre 13, 1933, se celebró la comparecencia quedando el caso pendiente de alegatos. En marzo 3, 1934, negó la corte la solicitud, apelando los demandantes de su resolución para ante este tribunal. La vista del recurso no se celebró hasta marzo 19, 1936.

Hemos examinado la solicitud y a nuestro juicio no aduce hechos suficientes para sostener la causa de acción ejercitada.

Se trata de una ordenanza por virtud de la cual se dispone que "El servicio que los propietarios y administradores de casas hagan del alcantarillado, será pagado por éstos, y cobrado por el municipio, mensualmente, a razón de un dólar mensual por cada acometida cuando la casa fuere de una sola planta, y a razón de dos dólares mensuales cuando la casa fuere de dos plantas."

Se sostiene por los peticionarios que esa ordenanza es nula y anticonstitutional porque habiendo, sido aprobada por el voto de cinco miembros de la asamblea no lo fué por las dos terceras partes del número total de miembros que la ley exige; porque al establecer una cantidad fija para todas las casas sin atención a su tamaño, valor y uso, discrimina en favor de las casas de mayor tamaño, valor y uso y en contra de las de menor tamaño, valor y uso; porque el municipio emitió bonos por ciento treinta mil dólares para realizar entre otras obras públicas, el alcantarillado, para el pago de cuyos bonos impuso una contribución especial de cuarenta centésimas del uno por ciento sobre toda la propiedad mueble e inmueble situada dentro de su jurisdicción, motivo por el cual lo exigido por la ordenanza constituye una doble contribución, y porque dada la situación precaria de los contribuyentes, el impuesto que se les pretende cobrar por el uso del alcantarillado es irrazonable.

Veamos si hubo o no *quorum* para la aprobación de la Ordenanza impugnada. El artículo 26 de la Ley Municipal,

según quedó enmendado por la Ley. núm. 98 de 1931, leyes de 1931, págs. 595, 603, en lo pertinente, dice:

"Artículo 26.—Entre las atribuciones de la asamblea municipal estarán especialmente las siguientes, con sujeción a las demás disposiciones de esta Ley:

"1. . . . . . . . .

"2. . . . . . . .

"3. . . . . . . .

"4. La imposición de contribuciones y arbitrios razonables dentro de los límites jurisdiccionales del municipio; *Disponiéndose*, que las ordenanzas imponiendo tales contribuciones y arbitrios, deberán ser adoptadas por el voto de las dos terceras partes de los miembros de que se componga la asamblea municipal."

Y el 27 de la propia ley tal como quedó enmendado también por la Ley núm. 98 de 1931, leyes de 1931, págs. 595 y 605 dispone, en lo pertinente, que:

". . . entendiéndose que en todos los casos en que se mencione en esta Ley las dos terceras partes del número total de miembros de una asamblea municipal, estas dos terceras partes estarán constituídas por siete votos en los municipios de primera clase, por cinco votos en los municipios de segunda, y por cuatro en los de tercera."

Y como el municipio de Ciales, lo es de tercera clase (leyes de 1931, p. 599), es claro que no ya cinco sino cuatro votos hubieran sido suficientes.

Véase el caso de *El Pueblo ex rel.' Rosario* v. *Ferrer*, 46 D.P.R. 578, 580, en el cual esta corte por medio de su Juez Asociado Sr. Wolf, se expresó así:

"Igualmente estamos inclinados a convenir en que dado el estado de la ley en Puerto Rico, los cuatro miembros que se reunieron hubiesen constituído un quórum, aunque la asamblea se compusiera de nueve miembros, si la sesión fué debidamente convocada."

 El servicio de alcantarillado de las zonas urbanas es algo que por su naturaleza debe estar y está generalmente a cargo de los municipios, pudiendo éstos fijar y cobrar derechos por el uso del mismo. Sobre ello no hay duda alguna. La cuestión se encuentra ampliamente tratada en el volumen

44 de Corpus Juris, páginas 1083 a 1090, que puede consultarse.

La que sí queda abierta siempre a la consideración de las cortes es la cuestión de la razonabilidad de lo que se cobre por el uso.

En el caso de *City of Wichita Falls* v. *Landers,* de Texas, reportado en 291 S.W. 696, se resolvió que: "La corte tiene jurisdicción para determinar la razonabilidad del impuesto fijado por la ciudad por el uso del sistema de alcantarillado; por lo menos hasta el punto de determinar si las tarifas son confiscatorias o privan a la compañía de la propiedad sin el debido proceso de ley." Y además que: "Cuando los impuestos fijados por la ciudad para el uso del sistema de alcantarillado son razonables, los ciudadanos no pueden negarse a pagar aunque la ciudad posteriormente apropiara en parte dicho pago a la extensión del sistema sin autoriazción de la carta constitutiva."

En el caso de *Harter* v. *Barkley,* 158 Cal. 742 se resolvió que un derecho de cinco dólares exigido por la municipalidad por cada conexión con su alcantarillado, no era irrazonable. Y en el de *Kilcullen* v. *Webster, et al.,* 260 Pa. 263, 103 A. 592, se decidió que: "Una ordenanza de la ciudad de Filadelfia que dispone que no se otorgará ningún permiso para el alcantarillado de propiedades por cloacas construídas por la ciudad hasta que el impuesto de $1.50 por pie frontal haya sido pagado, es razonable y constitutional, y no atacable como discriminatorio o por ser una clasificación indebida."

Ni se nos ha citado por las partes ni hemos encontrado un caso enteramente igual al presente. Por lo general la práctica es cobrar de una sola vez por la acometida. Aquí se cobra una cantidad mensual por el uso. Un dólar no parece irrazonable cuando se trata de casas de valor regular, pero quizá pudiera serlo en cuanto a casas de ínfimo valor como las muchas que existen en los municipios de la isla. No se alega en la solicitud que los peticionarios se encuentren en esas últimas condiciones.

El cobro de un dólar por casas de una sola planta y de dos por casas de dos plantas, no parece irrazonable ya que generalmente las casas de altos y bajos en los municipios de la isla surten el efecto de dos, aunque existen en verdad casos en que pequeñas casas de dos plantas construídas exclusivamente para una familia valen menos que otras terreras en la misma municipalidad.

Pero tales diferencias surgirán siempre en mayor o menor grado bajo cualquier regla que se adopte, y las de este caso no constituyen a nuestro juicio un discrimen de tal naturaleza que permita concluir que la ordenanza de que se trata es anticonstitucional.

█ El hecho de que el alcantarillado se construyera a virtud de un empréstito que vienen obligados a pagar todos los propietarios del municipio, no es obstáculo a la exigencia del derecho por el uso de la alcantarilla en cada caso.

En la ya citada decisión de *Wichita Falls* v. *Landers,* 291 S. W. 696, 701, en el curso de la opinión se dice:

"Los impuestos fijados para el uso de un sistema de alcantarillado no pueden ser considerados como una contribución general. Eran impuestos razonables por beneficios especiales recibidos, pero no disfrutados, por ciertas personas residentes en la ciudad. El sostener la nulidad de la ordenanza número 426 resultaría en un discrimen en favor del apelado y otras personas en situación similar, quienes en tal caso serían suplidas de un servicio de alcantarillado libre de cargo alguno, en contraposición con aquellos ciudadanos que están obligados por la ordenanza a construir y mantener secos inodoros sanitarios, todo por su propia cuenta y sin el uso del alcantarillado."

Y, por último, la alegación en cuanto a la situación precaria de los propietarios del municipio, es demasiado general para que pueda servir de base a la declaración de inconstitucionalidad que se solicita.

A virtud de todo lo expuesto y aun cuando tenemos algunas dudas con respecto a la sabiduría del método adoptado y a si la cantidad exigida por el uso del alcantarillado no podría llegar a ser irrazonablemente subida en algunos casos,

.creemos que *debe confirmarse la sentencia recurrida excepto en cuanto a su pronunciamiento imponiendo las costas a los demandantes que debe revocarse.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.